**In re CONTINENTAL ILLINOIS SECURITIES LITIGATION.**

**No. 82 C 4712.**

United States District Court,
N.D. Illinois, E.D.

May 6, 1983.

Lowell E. Sachnoff, Dean A. Dickie, William Gleeson, Barry S. Rosen, Brian D. Roche, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Richard D. Greenfield, Nicholas E. Chimicles, Robert P. Frutkin, Marcy C. Panzer, Greenfield & Chimicles, P.C., Bala-Cynwyd, Pa., Lawrence H. Eiger, Michael J. Freed, Michael Hyman, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Myron M. Cherry, Robert Cushman, Jr., Bruce Rose, Cherry & Flynn, Chicago, Ill., James D. Fornari, William Jarblum, Jarblum & Solomon, P.C., Paul M. Bernstein, Edward A. Grossmann, Jeffrey Klafter, Kreindler & Kreindler, Barry J. Pinkowitz, Barry J. Pinkowitz, P.C., New York City, Lawrence Walner, Lawrence Walner, Ltd., Chicago, Ill., Daniel W. Krasner, Fred Taylor Isquith, William Loeb, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for plaintiffs.

Scott J. Davis, Mayer Brown & Platt, Chicago, Ill., for Continental Ill. Corp., Continental Bank, Anderson, Perkins and Miller.

William R. Jentes, Kirkland & Ellis, Chicago, Ill., for Malott and Luerssen.

Rene A. Torrado, Jr., Reuben & Proctor, Chicago, Ill., for Baker.

J. Alan Galbraith, Williams & Connelly, Washington, D.C., for Bergman.

Gary L. Prior, McDermott, Will & Emery, Chicago, Ill., for Hlavka.

Mitchell S. Rieger, Schiff, Hardin & Waite, Chicago, Ill., for Rastetter.

Richard Levy, Stephen Novack, Eric N. Macey, Mark A. Rabinowitz, Marilyn J. Klawiter, Levy & Erens, Chicago, Ill., for Harper.

Hedlund, Hunter & Lynch, Chicago, Ill., for Redding.

Francis J. McConnell, McConnell, Ruberry & Jansen, Chicago, Ill., for Lytle.

John J. Enright, Arvey, Hodes, Costello & Berman, Chicago, Ill., for Goy.

Thomas D. Allen, Sheldon P. Migdal, Donald Flayton, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Ernst & Whinney.

## DECISION ON STANDARD TO BE USED IN RULING ON MOTION TO DISMISS DERIVATIVE CLAIMS

GRADY, District Judge.

Certain defendants have moved for dismissal of some of the derivative claims on the basis that a special committee appointed by the Board of Directors of Continental Illinois Corporation ("CIC") has determined that pursuit of these claims would not be in the best interest of the corporation. Awaiting resolution by the court is the question of what weight and effect is to be given these determinations of the Special Committee. Defendants argue that the court is limited to an examination of whether the committee was independent, whether it acted in good faith, and whether it made a reasonable investigation. Plaintiffs, on the other hand, argue that the court should go beyond this and make an independent inquiry into the factual bases for the committee's recommendation. The parties agree that the law of Delaware governs and that the controlling case is *Zapata Corp. v. Maldonado,* 430 A.2d 779 (Del.1981). The parties offer conflicting views as to what the case holds.

Defendants' argument is based on the proposition that the instant case is a "demand required" situation. Defendants apparently concede that the court must conduct some inquiry into the questions of independence, good faith and reasonable investigation, if only to determine whether the corporate decision based upon the committee recommendation was "wrongful." *Zapata,* 430 F.2d at 784. What separates the parties is really a dispute as to the depth of the inquiry the court should conduct.

I believe defendants have misread *Zapata.* While the opinion does mention the distinction between the case where a demand on the board is required and the case where the demand is excused (430 A.2d at 784), it is not the holding of *Zapata* that the court is barred from examining a corporate decision not to prosecute in a situation where a demand is required. In fact, it does not seem to me that the demand versus no-demand discussion in *Zapata* has much to do with the instant case. If the plaintiffs had not made a demand upon CIC before bringing this suit, we would have to address the question whether the suit was subject to dismissal for that failure. Because shareholders' suits are brought on behalf of the corporation and not for the personal benefit of the shareholder plaintiffs, the corporation should be given the first opportunity to institute and control the suit. The way to guarantee the corporation that opportunity is to dismiss a shareholder's suit instituted without demand on the corporation to institute the suit itself. However, an exception has to be made for the situation where the directors of the corporation are themselves so connected with the alleged wrongdoing that they would be unlikely to favor the suit. In this kind of situation, a demand is said to be "futile" and is therefore excused.

The question of whether the directors have the kind of bias which should excuse a demand is, of course, one which might itself require judicial resolution in a case where a suit is filed without a demand. This, however, is not such a case. Whether plaintiffs were required to make a demand or not, they did. In *Zapata,* there was no demand, so the court discussed the significance of that fact. I do not interpret that discussion (430 A.2d at 784) read in the context of the entire opinion, as holding that the merits of the corporate decision are beyond judicial review in a case where a demand is not excused. So simplistic a view is inconsistent with the tenor of the court's discussion at pp. 787–789 of the opinion. For instance, the court's discussion of the possibility of a " '. . . there but for the grace of God go I' " attitude on the part of even innocent directors (p. 787) seems applicable to any decision on whether to bring suit against fellow directors, including the demand-required situation. The court goes on to reject the view that the "business judgment" of a committee of disinterested directors must be accepted. Describing the position of the courts which had followed this "business judgment" rule, the court stated:

The issues become solely independence, good faith and reasonable investigation. The ultimate conclusion of the committee, under *that* view, is not subject to judicial review. (emphasis added).

The court went on immediately to say: We are not satisfied, however, that acceptance of the 'business judgment' rationale at this stage of derivative litigation is a proper balancing point.

*Id.* Defendants in the instant case quote the first passage as indicating the *adoption* of the business-judgment rule by the *Zapata* court, whereas it seems clear that the court is doing precisely the opposite. The passage is introduced by the words, "As we noted, the question has been treated by *other* courts as one of the 'business judgment' of the board committee." Id. (emphasis added). It is the rationale of those "other courts" that *Zapata* does not accept "at this stage of derivative litigation as a proper balancing point." The phrase "at this stage of derivative litigation" appears to refer to the stage of legal development our society has reached. In other words, says *Zapata,* if that has been the rule, it is time to change it.

*Zapata* then goes on to discuss what role the court must play even in the case where the corporate decision not to prosecute is based upon the recommendation of an apparently disinterested committee of directors. In the instant case, we are dealing with a decision made by an allegedly independent committee of directors. Thus, it seems to me, the issue is the same. The fact that there was no demand in *Zapata,* and that the court regarded the case as one where the demand was excused, is not a significant distinction, because in *Zapata,* as here, the question is what effect is to be given the corporate decision recommended by directors who are not alleged to have participated in the wrongdoing. Our inquiry, moreover, is not limited to whether the *Zapata* holding applies precisely to the facts of this case. Rather, the inquiry is what the Supreme Court of Delaware would do in this case. *Zapata* leads me to the conclusion that the Supreme Court of Delaware would apply the same two-step test to this case that it applied in *Zapata* itself. I hold, therefore, that the two-step test applies.

The first step (430 A.2d 788–789) is an inquiry into "the independence and good faith of the committee and the bases supporting its conclusions." Three times in the paragraph describing Step One the court uses the phrase "the bases supporting its conclusions." Therefore, it is clear that in Step One the inquiry is not simply whether the committee used adequate investigative procedures, such as retaining counsel, interviewing numerous witnesses and examining relevant documents, but, to a limited extent, the inquiry is into the *merits* of the committee conclusions based on that investigation. Defendants have submitted an affidavit which describes the procedures the Special Committee used but contains no hint of what facts were disclosed by the investigation. That affidavit is therefore of little significance in the necessary Step One inquiry.

The burden of proof is on the defendants, and "limited discovery" should be allowed. 430 A.2d at 788.

If, after inquiry, the court is not satisfied that the Step-One tests have been met, the motion to dismiss must be denied. But even if the court should be satisfied that the Special Committee was independent, acted in good faith and had reasonable bases for its conclusions, the court still has discretion to proceed to Step Two, which would involve the court's using "its own independent business judgment" in determining whether the motion to dismiss should be granted. 430 A.2d at 789. In that stage of the inquiry, the court can even consider "matters of law and public policy in addition to the corporation's best interests." *Id.*

Plaintiffs argue that the motion to dismiss should not be decided until substantially all the merits discovery in the case is concluded, for only then will the court be able to determine whether there were reasonable bases for the committee decision. I reject that approach because it would delay

for too long a decision which should be made early in the case. *Zapata's* reference to "limited discovery" reflects the fact that the inquiry at this stage is to be relatively summary. The question is not whether the derivative action should be dismissed at the point of trial after a long period of discovery but whether it should be maintained at all.

The next question is the procedure to be followed in carrying out Step One of the inquiry. It seems clear that there should be an evidentiary hearing. Defendants have the burden of proof. I believe the most efficient way of conducting the inquiry would be to have defendants put on their case and *then* see whether any particular discovery is needed by the plaintiffs. Considerable information is already in plaintiffs' possession, and it may be that they need nothing more at this point. In any event, at the conclusion of defendants' presentation, we will be in a position to order the precise kind of discovery that may be necessary.

This case is set for May 12, 1983, at 4:00 p.m. for the purpose of setting an early date for the Step One evidentiary hearing.

---

Lowell E. Sachnoff, Dean A. Dickie, William Gleeson, Barry S. Rosen, Brian D. Roche, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Richard D. Greenfield, Nicholas E. Chimicles, Robert P. Frutkin, Marcy C. Panzer, Greenfield & Chimicles, P.C., Bala-Cynwyd, Pa., Lawrence H. Eiger, Michael J. Freed, Michael Hyman, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Myron M. Cherry, Robert Cushman, Jr., Bruce Rose, Cherry & Flynn, Chicago, Ill., James D. Fornari, William Jarblum, Jarblum & Solomon, P.C., Paul M. Bernstein, Edward A. Grossmann, Jeffrey Klafter, Kreindler & Kreindler, Barry J. Pinkowitz, Barry J. Pinkowitz, P.C., New York City, Lawrence Walner, Lawrence Walner, Ltd., Chicago, Ill., Daniel W. Krasner, Fred Taylor Isquith, William Loeb, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for plaintiffs.

Scott J. Davis, Mayer Brown & Platt, Chicago, Ill., for Continental Ill. Corp., Continental Bank, Anderson, Perkins and Miller.

William R. Jentes, Kirkland & Ellis, Chicago, Ill., for Malott and Luerssen.

Rene A. Torrado, Jr., Reuben & Proctor, Chicago, Ill., for Baker.

J. Alan Galbraith, Williams & Connelly, Washington, D.C., for Bergman.

Gary L. Prior, McDermott, Will & Emery, Chicago, Ill., for Hlavka.